UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CARLOS COGDELL,

        Plaintiff,

v.                                                    Case No. 3:21-cv-00960-BJD-PDB

SGT. JEREMY FOWLER and
SGT. B. SONGBIRD,

        Defendants.

_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, Carlos Cogdell, an inmate of the Florida penal system, initiated this action pro se by filing a motion to proceed in forma pauperis (Doc. 1) followed by a complaint for the violation of civil rights (Doc. 3). Finding his complaint incomplete, the Court directed Plaintiff to file an amended complaint, see Order (Doc. 4), which he has done (Doc. 5; Am. Compl.). In his amended complaint, Plaintiff names two Defendants: Sergeant Fowler and Sergeant Songbird at Florida State Prison. See Am. Compl. at 2. Plaintiff's sole factual allegation is that "Sgt. Fowler ordered the extract[tion] team" even though Plaintiff agreed to be handcuffed. Id. at 5. Plaintiff lodges no allegations against Defendant Songbird. He contends he "messed up" his back as a result of the incident, and he seeks punitive damages. Id. at 5.

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines the action is frivolous, malicious, or fails to state a claim on which relief may be granted. <u>See</u> 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1). With respect to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11th Cir. 1997); <u>see also</u> <u>Alba v. Montford</u>, 517 F.3d 1249, 1252 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citing <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 555). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." <u>Roe v. Aware Woman Ctr. for Choice, Inc.</u>, 253 F.3d 678, 683 (11th Cir. 2001) (quoting <u>In re Plywood Antitrust Litig.</u>, 655 F.2d 627, 641 (5th Cir. Unit A Sept. 8, 1981)). In reviewing a complaint, a court must accept the plaintiff's

allegations as true, liberally construing those by a plaintiff proceeding pro se, but need not accept as true legal conclusions. See Iqbal, 556 U.S. at 678.

Plaintiff's complaint is subject to dismissal under the PLRA because he fails to "state a claim to relief that is plausible on its face." See id. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that "a person" acting under the color of state law deprived him of a right secured under the United States Constitution or federal law. See 42 U.S.C. § 1983. Plaintiff does not identify a federal right he claims Defendants violated, though liberally construing his assertions, the Eighth Amendment is implicated.

The Eighth Amendment "prohibits the unnecessary and wanton infliction of pain, or the infliction of pain totally without penological justification." Ort v. White, 813 F.2d 318, 321 (11th Cir. 1987). But prison guards may use force against an inmate when necessary "to maintain or restore discipline." Whitley v. Albers, 475 U.S. 312, 320 (1986). See also Skrtich v. Thornton, 280 F.3d 1295, 1300 (11th Cir. 2002) ("Under the Eighth Amendment, force is deemed legitimate in a custodial setting as long as it is applied in a good faith effort to maintain or restore discipline [and not] maliciously and sadistically to cause harm." (quoting with alteration Whitley, 475 U.S. at 320-21)).

3

Courts analyzing whether a plaintiff sufficiently alleges an officer used force maliciously and sadistically to cause harm should consider the following factors: the need for the use of force; the extent of force used in relation to the prisoner's conduct; the threat of harm the prisoner posed to staff and inmates; and whether the officer tried to "temper the severity of a forceful response." Skrtich, 280 F.3d at 1300 (citing Hudson, 503 U.S. at 8). It also is appropriate to consider the extent of any injuries the prisoner sustained. Hudson, 503 U.S. at 7. In considering these factors, courts should hesitate to second-guess prison guards and, as such, may draw inferences "as to whether the use of force could plausibly have been thought necessary." Id. at 1300-01. See also Oliver v. Warden, 761 F. App'x 960, 965 (11th Cir. 2019) ("Generally speaking, we will not second-guess prison officials on matters that they are better equipped to handle under the exigencies of an internal disturbance." (quoting Wilson v. Blankenship, 163 F.3d 1284, 1295 (11th Cir. 1998)).

Plaintiff does not allege Defendant Fowler ordered a cell extraction for the purpose of inflicting pain "without penological justification." See Ort, 813 F.2d at 321. Nor does he allege the officers involved in the cell extraction used more force than necessary under the circumstances. In fact, Plaintiff does not explain the circumstances of the incident at all. However, just because officers extracted Plaintiff from his cell does not permit the inference their use of force

4

was excessive, even if Plaintiff "agreed to be handcuffed" and even if the use of force caused some injury to Plaintiff's back. See Am. Compl. at 5. As its name suggests, a cell extraction is an organized, planned use of force, which officers are permitted to use in various circumstances, including if an inmate is creating a disturbance or threatening to harm himself or others. See, e.g., Fla. Admin. Code r. 33-602.210(1)(s), (2)(a), (4)(c)3.

Plaintiff's bare-bones allegations do not permit the inference that the Defendants he names—one of which he does not mention at all in his description of the incident—used excessive force against him. As such, the Court draws the inference that a cell extraction "could plausibly have been thought necessary." Skrtich, 280 F.3d at 1300-01.

Accordingly, it is

**ORDERED:**

1.     This case is **DISMISSED without prejudice**.

2.     The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

3.     The **Clerk** shall send Plaintiff a civil rights complaint form. If Plaintiff chooses to initiate a new case by filing a new complaint, he should not put this case number on the form because the Clerk will assign a new case number upon receipt.

**DONE AND ORDERED** at Jacksonville, Florida, this 16th day of December 2021.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:    Carlos Cogdell